**In re: Robert Douglas GLASGOW; Donna Kay Glasgow, Debtors.**

**James Belmont; Carol Belmont, Plaintiffs–Appellants,**

**v.**

**Robert Douglas Glasgow; Donna Kay Glasgow, Defendants–Appellees.**

No. 99–16671.

D.C. No. CV–98–00912–PMP.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 16, 2001.

Decided Aug. 15, 2001.

Before B. FLETCHER, FERNANDEZ, and PAEZ, Circuit Judges.

MEMORANDUM *

■ James and Carol Belmont (Plaintiffs) appeal the district court's judgment affirming the bankruptcy court's dismissal of their adversary action for failure to prosecute. Although Plaintiffs failed to file a timely appeal of the bankruptcy court's order of dismissal, the district court had jurisdiction over the bankruptcy court's subsequent order denying their motion for relief from judgment under Fed.R.Civ.P. 60(b). *See Mt. Graham Red Squirrel v. Madigan,* 954 F.2d 1441, 1463 n. 35 (9th Cir.1992). We have jurisdiction under 28 U.S.C. §§ 158(d) and 1291, and we reverse and remand.

We review *de novo* the judgment of a district court acting in its bankruptcy appellate capacity. *In Re Gruntz,* 202 F.3d 1074, 1084 n. 9 (9th Cir.2000) (en banc). We review for abuse of discretion the bankruptcy court's denial of a Fed.R.Civ.P. 60(b) motion for relief from judgment. *Briney v. Burley (In re Burley),* 738 F.2d 981, 988 (9th Cir.1984).

■ Rule 60(b)(1) authorizes relief from judgment for "excusable neglect." Although Plaintiffs may have been surprised by the district court's order, they were not without fault, as they left this case "unattended to ... through carelessness.' " *Pioneer Investment Services Co. v. Brunswick Assoc's Ltd. Partnership,* 507 U.S. 380, 388, 113 S.Ct. 1489, 1494, 123 L.Ed.2d 74 (1993) (internal citation omitted). However, we agree with Plaintiffs that the fault was not entirely their own. The bankruptcy court's case management deadlines and directives were ambiguous at best and contributed to Plaintiffs' inaction. The bankruptcy court dismissed Plaintiffs' action because it believed that it had given clear prior warning that the case would be dismissed if the adversary proceeding were not completed within four months. But, as reflected in the colloquy between the court and counsel on August 14, 1997, although the bankruptcy court expressed an expectation that the case should be completed within four months, the bankruptcy court

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

in fact informed the parties that, if it were not, the court would issue an order requiring the parties to explain the delay. Then, contrary to what the bankruptcy court had notified the parties that it would do, the court entered its order dismissing Plaintiffs' case in response to an *ex parte* informal letter request for dismissal from Defendants' counsel and without notice to Plaintiffs or any opportunity for Plaintiffs to respond.[1]

Under these circumstances, the reasons for Plaintiffs' failure to comply with the bankruptcy court's deadlines weigh in favor of a finding of "excusable neglect." *See id.* at 398–399, 113 S.Ct. at 1499 (a finding of "excusable neglect" was "required" where "the peculiar and inconspicuous placement of the bar date in a notice regarding a creditors' meeting, without any indication of the significance of the bar date, left a dramatic ambiguity in the notification") (internal quotations and citations omitted). Because we also conclude that the other equities weigh in favor of relief from judgment, we conclude that the bankruptcy court abused its discretion in' denying Plaintiffs' Rule 60(b) motion for relief from judgment. *See id.* at 395, 113 S.Ct. at 1498.

The judgment of the district court is reversed and this action is remanded to the district court to remand to the bankruptcy court with directions to grant the Plaintiffs' motion for relief from judgment under Rule 60(b).

REVERSED AND REMANDED.

---

1. This type of informal *ex parte* request is not sanctioned by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, or the Local Rules of the Eastern District of California. Although such a practice may be convenient and efficient for a busy court, it is no substitute for a properly noticed motion, especially one seeking the ultimate sanction of dismissal. Such a practice is rife with potential for abuse and error.